UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LOVELL BELTON,

                Plaintiff,

       - against -

UPS (Postal Delivery Service),

                Defendant.
--------------------------------------------------------x
LOVELL BELTON,

                Plaintiff,

       - against -

KATHERINE ROBERTS (DOE); LORI F.
WHARTON (DOE); REGINALD (ROCKY)
DOE; THE PONDEROSA TWINS,

                Defendants.
--------------------------------------------------------x

**ORDER**
19-MC-1695 (PKC) (LB)

19-MC-1696 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On August 31, 2007, the Honorable District Judge Raymond Dearie barred Plaintiff Lovell Belton ("Plaintiff") from filing any future actions in this Court without first obtaining leave to do so. *Belton v. Horn*, No. 07-CV-2731, slip op. (E.D.N.Y. Aug. 31, 2007) (citing 28 U.S.C. § 1651). On June 25, 2019, Plaintiff filed motions seeking permission to file the above-captioned *in forma pauperis* ("IFP") complaints and applications to proceed IFP. The actions are consolidated solely for the purpose of this Order. For the reasons set forth below, Plaintiff is denied leave to file these IFP complaints.

Plaintiff's submissions do not provide any valid reason to allow the proposed complaints to proceed. In the first action, *Belton v. UPS*, No. 19-MC-1695 (PKC), Plaintiff's submissions are incomprehensible, referencing, among other things, "felonious/criminal enactment against

1

plaintiff," plagiarism, and human trafficking, without any particularized factual allegations (Compl., at ECF[1] 6.) This complaint seeks one million dollars in damages. (*Id.* at ECF 5.) In the second action, *Belton v. Roberts*, No. 19-MC-1696, Plaintiff seeks damages from a state criminal court judge (the Honorable Katherine Roberts), a Rikers Island Corrections Officer (Lori F. Wharton), "Reginald (Rocky) (Doe)," and "the Ponderosa Twins" (Compl., at ECF 2–4), but he does not make any coherent allegation with respect to any of these defendants (*see id.* at ECF 6, 8). This second complaint seeks "3rd effect 3x relief three zillion dollars/whatever seems to be the means to stalking + the mishaps to [h]iding behind law." (*Id.* at ECF 7.)

Plaintiff's submissions to this Court do not provide any valid reason to allow these actions to proceed. Thus, Plaintiff's applications for leave to file the instant IFP complaints are denied. The Court's order barring Plaintiff from filing future IFP complaints without first seeking the Court's leave remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close these cases.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 10, 2019
Brooklyn, New York

---

[1] "ECF" refers to the "Page ID" number generated by the Court's CM/ECF docketing system and not the document's internal pagination.